UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. )      No. 3:16-cr-11
)      Judge Phillips
RANDALL BLEDSOE )

## MEMORANDUM AND ORDER

Defendant Randall Bledsoe is a pro se federal inmate who has filed two pending motions: (1) an application to proceed *in forma pauperis* [Doc. 223]; and (2) a request for a sentencing transcript pursuant to CJA 24 [Doc. 224].

On April 10, 2017, defendant was sentenced to a total term of imprisonment of 157 months for conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Doc. 203]. This sentence was ordered to be served consecutively to the 30-month revocation sentence in case number 3:04-cr-025 [*Id.*]. Defendant is currently incarcerated at FCI Manchester, Kentucky.

Defendant has submitted a form Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 223], along with a CJA 24 form requesting a transcript of his April 10, 2017 sentencing hearing for the purpose of "[a]ttempting to get sentencing credit in BOP" [Doc. 223-1]. Defendant's motion for his sentencing transcript states that he has demonstrated "an inability to pay for the needed transcript due to pauper status" and

the "sentencing transcript is needed for the purpose of correcting the computation of his sentence via 28 USC 2241" [Doc. 224 at p. 2].

An indigent prisoner does not have a constitutional right to a free transcript, but he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issues presented in his case. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 325–27 (1976) (plurality opinion). The Constitution, however, does not require that an indigent applicant "be furnished every possible legal tool, no matter how speculative its value, and no matter how devoid of assistance it may be, merely because a person of unlimited means might choose to waste his resources in a quest of that kind." *Id.* at 330 (Blackmun, J., concurring).

Furthermore, conclusory allegations typically do not support a request for a free transcript under § 753(f). *Id.* at 326–27 (finding that "merely a conclusory allegation" or a "naked allegation" does not meet the conditions for obtaining a transcript at government expense under § 753(f)); *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (citing *MacCollom*, 426 U.S. at 326) (noting that "[c]onclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f)"); *United States v. West*, No. 93-5525, 1993 WL 375797, at *1 (6th Cir. Sept. 23, 1993) (citing *Sistrunk*, 992 F.2d at 259) (explaining that "[c]onclusory allegations, without more, do not satisfy the requirements of § 753(f)"). Instead, a movant must show a particularized need for a transcript. *Sistrunk*, 992 F.2d at 259 (citing *MacCollom*, 426 U.S. at 326) (holding that access to a free transcript depends upon "a showing of a particularized need for the transcript as required by § 753").

It is worth noting that the defendant does not have pending request for habeas corpus relief under 28 U.S.C. § 2241, nor an application to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Defendant's only explanation as to why he needs a sentencing transcript consists of nothing more than his bare intent to correct the computation of his sentence. Thus, he has not presented any particularized need for a transcript to resolve a pending issue in his case. Indeed, there are no pending issues beyond the instant requests for a free transcript of his sentencing hearing.

Accordingly, defendant has not satisfied his burden of showing a non-frivolous claim or a particularized need for transcripts; therefore, his motion for *in forma pauperis* status [Doc. 223], which he intends to use as a means for obtaining a free transcript, and his request for a sentencing transcript [Doc. 224] are **DENIED**.

IT IS SO ORDERED.


   s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE